UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LIBERTY MUTUAL FIRE INSURANCE COMPANY,

                Plaintiff,                Civil Action No.
                                      21 Civ. 1931 (JMF)(OTW)

  -against-

JDS CONSTRUCTION GROUP LLC, JDS
CONSTRUCTION SERVICES LLC, 111 WEST
57TH DEVELOPER LLC, PMG WEST 57TH STREET    **STIPULATION**
LLC, 111 CONSTRUCTION MANAGER LLC, and               **AND ORDER**
111 WEST 57TH PROPERTY OWNER LLC,

                Defendants.
------------------------------------------------------------------x

        **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    This Stipulation is being entered into to facilitate the production of "more particularized evidence concerning the citizenship of 111 West 57th Property Owner LLC pursuant to a confidentiality agreement to be so ordered" as set forth in the Order of the Court, dated July 8, 2021.

      2.    Defendants may mark any documents produced pursuant to the Order of July 8, 2021 as confidential by stamping each such page as "HIGHLY CONFIDENTIAL." By marking such documents as "HIGHLY CONFIDENTIAL", defendants are representing that they reasonably and in good faith believe that the material should be confidential.

      3.    With respect to any such documents marked as "HIGHLY CONFIDENTIAL", plaintiff agrees that such documents are for attorneys-eyes only, subject to further court order. As such, subject to further court order, such documents shall not be furnished, shown, or disclosed to any person or entity except to attorneys and employees of Jaffe

& Asher LLP and in-house attorneys (and their paralegals) for plaintiff involved in the handling of this matter, who shall be provided a copy of this Stipulation and Order and shall be bound to it.

4. In the event that plaintiff intends to file any document marked HIGHLY CONFIDENTIAL, or file any pleading, brief or memorandum which reproduces, paraphrases, or disclosing information marked HIGHLY CONFIDENTIAL, plaintiff agrees to notify defendants forty-eight (48) hours before filing any such document so that defendants may make a motion to seal. Plaintiff further agrees not to publicly file any such document until the Court renders a decision on any motion to seal.

5. Nothing herein shall preclude or waive the right of plaintiff to seek further court order allowing more expansive use or distribution of such documents; nor shall this Stipulation and Order be used to support an argument or inference that (1) such documents are actually confidential or should be protected from further disclosure or use; or (2) to shift the burdens in avoiding or limiting disclosure of such documents.

6. This Stipulation shall continue to be binding after the conclusion of this litigation.

Dated: White Plains, New York
July 21, 2021

JAFFE & ASHER LLP

By: _____
Marshall T. Potashner, Esq.
Attorneys for Plaintiff
LIBERTY MUTUAL FIRE INSURANCE COMPANY
445 Hamilton Avenue, Suite 405
White Plains, New York 10601

COHEN ZIFFER FRENCHMAN & MCKENNA LLP

By: _____
Andrew Bourne, Esq.
Attorneys for Defendants
JDS CONSTRUCTION GROUP LLC, JDS CONSTRUCTION SERVICES LLC, 111 WEST 57TH DEVELOPER LLC, PMG WEST 57TH STREET LLC, 111 CONSTRUCTION

(212) 687-3000

MANAGER LLC, and 111 WEST 57TH
PROPERTY OWNER LLC
1350 Avenue of the Americas, 25th Floor
New York, New York 10019
(212) 584-1890

SO ORDERED:

Hon. Jesse M. Furman, U.S.D.J.
July 21, 2021

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

3