UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――x
LIBERTY MUTUAL FIRE INSURANCE      :
COMPANY,                            :
                                    :
           Plaintiff,               :
                                    :  Civil Action No. 21-cv-1931(JLR)
           v.                       :
                                    :
JDS CONSTRUCTION GROUP LLC,         :
JDS CONSTRUCTION SERVICES LLC,      :
111 WEST 57TH DEVELOPER LLC, PMG WEST :
57TH STREET LLC, and 111 CONSTRUCTION :
MANAGER LLC,                        :
                                    :
           Defendants.              :
―――――――――――――――――――――――――――――x

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR <u>MOTION FOR CLARIFICATION</u>

Andrew N. Bourne
**COHEN ZIFFER FRENCHMAN
& McKENNA LLP**
1325 Avenue of the Americas
31st Floor
New York, NY 10019
(212) 584-1890
abourne@cohenziffer.com

*Attorneys for Defendants*

Defendants JDS Construction Group LLC, JDS Construction Services LLC, 111 West 57th Developer LLC, PMG West 57th Street LLC, and 111 Construction Manager LLC (collectively, "Defendants"), respectfully submit this Memorandum of Law in Support of their Motion for Clarification (the "Motion").

## PRELIMINARY STATEMENT

In September 2023, the Court granted the motion of Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") for summary judgment and ordered that the Defendants are required to deposit additional funds into the parties' Pre-Funded Deductible Program (the "Summary Judgment Order"). (ECF No. 131 at 24.) Specifically, the Court stated that Defendants are "to deposit additional cash collateral into the Pre-Funded Deductible Program to bring the cash collateral balance up to the Required Balance of $14,228,948.91." (*Id.*) Before the Court enters final judgment, Defendants respectfully request that the Court clarify the Summary Judgment Order to accurately reflect that the Defendants' obligation to deposit $4,710,924.09 in additional cash collateral into the Pre-Funded Deductible Program as set forth in the same document that the Court relied upon in its determination that the Required Balance is $14,228,949.91 .

## ARGUMENT

While there is "no Federal Rule of Civil Procedure specifically governing 'motions for clarification,'" "[c]larifications of previously issued orders 'add certainty to an implicated party's efforts to comply with the order and provide fair warning as to what future conduct may be found contemptuous,' and 'may be obtained on motion or made *sua sponte* by the court." *Nortek Inc. v. ITT LLC*, Civil Action No. 21-cv-03999 (PMH), 2022 WL 2657189 (S.D.N.Y. July 8, 2022) (citations omitted) (brackets in original). "However, 'a motion for clarification is not

1

intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order.'" *Id.* (citation omitted).  Here, Defendants do not seek to alter or change the Summary Judgment Order, or seek reconsideration of the Court's grant of summary judgment to Liberty Mutual.[1]  Rather, Defendants seek to have the Court clarify the amount of the obligation under the Summary Judgment Order is reflected in the same document on which the Court based its decision.

Respectfully, the Summary Judgment Order should be clarified to reflect that obligation. Defendants do not dispute that Liberty Mutual issued a Revised Security Schedule showing a "required balance" of $14,228,948.91, as stated in its summary judgment motion.  (ECF No. 112-13.)  That same schedule showed that "an additional $4,710,924.09 must be furnished to Liberty Mutual" because the amount then held by Liberty Mutual was $9,518,024.82  (*Id.*)  We have conferred with counsel for Liberty Mutual, who does not agree that this is what the Court required in the Summary Judgment Order.  Nonetheless, Defendants understand that this is their obligation under the Summary Judgment Order and request that the Court clarify the Summary Judgment Order so that Defendants can comply with the Summary Judgment Order.

Defendants further note that there is an additional reason to clarify the Summary Judgment Order – namely that Defendants' obligation to fund the Pre-Funded Deductible is capped at $21 million.  Indeed, Liberty Mutual does not dispute this fact.  There is also no dispute that the aggregate deductible – that is the maximum amount of the Defendants' obligation – is $21 million. (ECF No. 113 at 1 (noting that the program's maximum retained loss "i.e., aggregate deductible amount for which defendants could be responsible" was $21 million).  There is also no dispute that Defendants initially funded $16.5 million. (*Id.*)  Although

---

[1] Defendants reserve all rights in this regard including all appellate rights.

2

not before the Court, after the parties briefed summary judgment, there have been additional draw downs on the Pre-Funded Deductible. The Summary Judgment Order does not take this into account. As a result, by ordering Defendants "to deposit additional cash collateral into the Pre-Funded Deductible Program to bring the cash collateral balance up to the Required Balance of $14,228,948.91," the Summary Judgment Order could be read to require Defendants to deposit more monies into the Pre-Funded Deductible Program than is required under the parties' agreements that were before the Court.

Accordingly, Defendants respectfully request that this Court clarify the Summary Judgment Order to provide that the Defendants' obligation to deposit $4,710,924.09 in additional cash collateral into the Pre-Funded Deductible Program as set forth in the same document that the Court relied upon in its determination that the Required Balance is $14,228,948.91 and that said obligation is limited by Defendants' overall obligation to provide $21 million in cash collateral.

## CONCLUSION

For the foregoing reasons, before the Court enters final judgment, Defendants respectfully request that the Court clarify the Summary Judgment Order to reflect that the Defendants' obligation to deposit $4,710,924.09 in additional cash collateral into the Pre-Funded Deductible Program as set forth in the same document that the Court relied upon in its determination that the Required Balance is $14,228,948.91 and that said obligation is limited by Defendants' overall obligation to provide $21 million in cash collateral.

Dated: November 15, 2023
      New York, New York

Respectfully submitted,

By: _____
Andrew N. Bourne
**COHEN ZIFFER FRENCHMAN & McKENNA LLP**
1325 Avenue of the Americas
31st Floor
New York, NY 10019
(212) 584-1890
abourne@cohenziffer.com

*Attorneys for Defendants*